UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICARDO JOSE CALDERN LOPEZ, doing business as, STARLIGHT CONSULTING SERVICES,

                        Plaintiff,

-against-

GRACE CORPORATION PARK, LLS; 251 WEST, 36 STREET REALTY,

                       Defendants.

22-CV-11013 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

On December 31, 2022, Plaintiff, who is appearing *pro se*, filed a notice of removal to remove to this court two actions that were pending in the Civil Court of the City of New York, Small Claims Part ("Small Claims") in 2007. *See Lopez v. Grace Corp, Park LLC*, No. 16026-SCNY-2007; *Lopez v. 251 W. 36 St. Realty*, No. 16548-SCNY-2007. (ECF 2, at 3.). On January 31, 2023, the Court held that, assuming the two Small Claims cases were still pending, removal was improper because Plaintiff was not the defendant in the state-court matters. On that same day, the action was remanded to the Small Claims court.

The following day, on February 1, 2023, Plaintiff filed a motion seeking reconsideration of the Court's order, arguing that remanding the action was improper under 28 U.S.C. § 1447(d). For the following reasons, the Court denies the motion for reconsideration.

DISCUSSION

Ordinarily, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 637 (2009). Section 1447(d) "has been universally construed to preclude not only appellate review but also reconsideration by the district court." *Shapiro v. Logistec USA, Inc.*, 412 F.3d

307, 311 (2d Cir. 2005) (citation and internal quotation marks omitted). Under Section 1447(c), however, a case that is remanded based on a procedural defect must be returned to the state court within 30 days of the filing of the notice of removal. *See* 28 U.S.C. § 1447(c). Thus, "an order remanding on procedural grounds . . . *sua sponte* more than 30 days after removal, since such an order is not authorized by § 1447(c), is reviewable." *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 644 (2d Cir. 1993). Here, the Court directed the Clerk of Court to remand this action 31 days after the notice of removal was filed. Thus, Section 1447(d) does not apply, and review of the order remanding the action is permitted.

Pursuant to Section 1441(a) of the removal statute, the Court denies the motion for reconsideration of its January 31, 2023, order. Section 1441(a) expressly provides that "the defendant or the defendants" may remove an action "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Because Plaintiff is the plaintiff in the two state-court matters, he cannot remove his Small Claims cases to this court. The Court therefore finds no basis for reconsideration of its order remanding this case to Small Claims.

## CONCLUSION

The Court denies Plaintiff's motion for reconsideration. (ECF 7.) All other pending matters in this case are terminated.

The Clerk of Court is directed not to accept any further submissions under this closed case number except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: April 25, 2023
New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                         Chief United States District Judge